IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. SHERRIE CONRAD, and SHERRIE CONRAD | § § § § | PLAINTIFFS |
| v. | § § | CAUSE NO. 2:99cv72-LG-JMR |
| BLUE CROSS BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY, d/b/a TRI-SPAN HEALTH SERVICES, DAVID ALBIN, SUE RENO, and EDDIE PRICE | § § § § § § | DEFENDANTS |

## ORDER DENYING MOTION AND SUPPLEMENTAL MOTION FOR JUDGMENT ON THE PLEADINGS

BEFORE THE COURT is the Motion [44] of Blue Cross Blue Shield of Mississippi, a Mutual Insurance Company, d/b/a Tri-Span Health Services's for Judgment on the Pleadings and [53] Supplemental Motion for Judgment on the Pleadings. Sherrie Conrad initiated this *qui tam* action alleging conduct in violation of the False Claims Act ("FCA"). According to the complaint, the Defendant submitted fraudulent Medicare claims for payment. Blue Cross argues it enjoys complete statutory immunity and that Conrad has failed to state a claim upon which relief can be granted. The Court has considered the briefs, record, and relevant legal authority, and the motions are denied.

FACTS AND PROCEDURAL HISTORY

Blue Cross is a Medicare carrier, which means it has contracted with the federal government to process Medicare Part B claims. Conrad was the management consultant for a Medicare provider, Mid-South Rehab Companies. She discovered and reported alleged fraudulent Medicare claims submitted by Mid-South to Blue Cross. On March 25, 1999, Conrad

filed a complaint on behalf of the United States and alleged that Defendants caused certain false claims submitted by Mid-South to be processed for payment through Medicare.  Conrad alleged that Blue Cross's conduct was grossly negligent and knowing.  On March 13, 2007,  Blue Cross moved for judgment on the pleadings based upon a claim of complete immunity under 42 U.S.C. 1395(u)(e)(3).  Blue Cross filed a supplemental motion arguing that Conrad failed to state a viable claim under the False Claims Act.

## DISCUSSION

The standard for deciding a Rule 12©) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss.  *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Id.*  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1965.  A judgment on the pleadings is appropriate "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Id.*  The pleadings should be construed liberally.  *Id.*

WHETHER BLUE CROSS IS ENTITLED TO STATUTORY IMMUNITY

Blue Cross contends that it is entitled to statutory immunity, regardless of whether it acted with gross negligence or fraudulent intent.  Conrad responds that Blue Cross has waived immunity.  In the alternative, she and the United States[1] assert that Blue Cross is not entitled to immunity when its conduct amounts to gross negligence or fraud.

Title 42, United States Code, Section 1395(u)(e) provides:

Liability of certifying or disbursing officers or carriers.

   (1) No individual designated pursuant to a contract under this section as a certifying officer shall, in the absence of gross negligence or intent to defraud the United States, be liable with respect to any payments certified by him under this section.

   (2) No disbursing officer shall, in the absence of gross negligence or intent to defraud the United States, be liable with respect to any payment by him under this section if it was based upon a voucher signed by a certifying officer designated as provided in paragraph (1) of this subsection.

   (3) No such carrier shall be liable to the United States for any payments referred to in paragraph (1) or (2).

Does the carrier enjoy complete immunity under § 1395u(e)(3) regardless of their conduct?  This question has been considered by the Tenth Circuit and the Eastern District of Pennsylvania.  *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Ut.*, 472 F.3d 702, 710 (10th Cir. 2006); *United States ex rel. Drescher v. Highmark, Inc.*, 305 F. Supp. 2d 451, 463 (E.D. Pa. 2004).  In *Sikkenga*, the Tenth Circuit held that section 1395u(e)(3) unambiguously confers limited immunity upon Medicare carriers.  *Sikkenga*, 472 F.3d at 710.

---

[1]The United States filed an amicus brief in opposition to the Motion.  Conrad brings this action on behalf of the United States, the real party in interest in this *qui tam* action.  *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 756 n.10 (5th Cir. 2001).

3

Specifically, "the payments referred to and incorporated by § 1395u(e)(3)" for which carriers will be immune "are payments made 'in the absence of gross negligence or intent to defraud the United States.'" *Id.*

> [W]e find support for our interpretation in the legislative history of this provision. In the House Conference Report accompanying the passage of § 1395u(e)(3), the committee stated that this provision provides carriers with "the same immunity from liability for incorrect payments as would be provided their certifying and disbursing officers." (footnote omitted) H.R. Rep. No. 89-682, at 37 (1965) (Conf. Rep.), as reprinted in 1965 U.S.C.C.A.N. 2228, 2231. *Id.*

A carrier's immunity is co-extensive with that of its certifying and disbursing officers. *Id.* at 711. The immunity excludes cases involving fraud and gross negligence. *Id.*

In *Drescher,* the court determined that the statute was ambiguous. Nevertheless, it also held that subsequent legislative history "suggests that Congress does not, in fact, intend Medicare contractors to have full statutory immunity." *Drescher*, 305 F. Supp. 2d at 463. Specifically, the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, "unambiguously states that Medicare contractors are granted the same limited liability as certifying and disbursing officers." *Id.* Additionally, the concurrent discussion on the Senate floor stated that the limited immunity that the carriers were to enjoy was the same they enjoyed "*as in the past*." *Id*

Blue Cross relies on *United States ex rel. Body v. Blue Cross & Blue Shield of Ala.*, 156 F.3d 1098, 1111 (11th Cir. 1998). In *Body,* the Eleventh Circuit held that the statute[2] unambiguously provided full immunity to the Medicare contractor, regardless of fraud or gross

---

[2]*Body* interpreted section 1395h(I), which applies to Medicare Part A intermediaries. The language of this statute is identical to that of section 1395u(e), which refers to Medicare Part B carriers. 42 U.S.C. § 1395h(I) (1999).

negligence. The *Body* court held that "any payments" referred to in subsection 3 refers to any payments certified and disbursed by the respective officers. *Id.* Because subsections one and two expressly excepted fraud and gross negligence, the court held that the absence of such an exclusion in subsection three was dispositive. *Id.* In other words, the individual employees of the carrier would be liable if grossly negligent but the carrier would be immune.

The Court finds the analysis and interpretation of §1395u(e) in *Sikkenga* and *Drescher* persuasive and in accord with the plain meaning of the statute. Section 1395u(e)(3) states that Blue Cross will not be liable for any payments referenced in paragraphs (1) and (2). These include payments made (1) "in the absence of gross negligence or intent to defraud the United States," and (2) certified and (3) disbursed by the respective officers. Therefore, it follows that the statute directs that Blue Cross will be liable for those payments made with gross negligence or intent to defraud the United States. Conrad has alleged that Blue Cross acted both knowingly and with gross negligence when it submitted false claims for payment from Medicare. Taken as true and viewed in the light most favorable to the non-movant, Blue Cross is not entitled to complete statutory immunity. The Motion for Judgment on the Pleadings is denied.

<u>WHETHER CONRAD STATED A VIABLE CLAIM UNDER THE FCA</u>

As for its supplemental motion, Blue Cross maintains Conrad has failed to state a viable claim under the FCA. In particular, Blue Cross argues that Conrad does not allege that Blue Cross "caused" false claims to be submitted.

The FCA provides in part, "[a]ny person who–(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval . . . is liable to the United States Government for a civil penalty."

31 U.S.C. § 3729(a) (2007).  A person acts "knowingly" under this statute when he (1) has actual knowledge of the information, or (2) acts in deliberate ignorance of or (3) in reckless disregard of the truth or falsity of the information.  31 U.S.C. § 3729(b) (2007).  "[N]o proof of specific intent to defraud is required." *Id.*  The FCA also "applies to anyone who 'knowingly assists in causing' the government to pay claims grounded in fraud." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 378 (5th Cir. 2004) (quoting *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 544-45 (1943)).  FCA liability may also attach to a carrier which submits a claim for auditing services that were never rendered. *United States ex rel. Sarasola v. Aetna Life Ins. Co.*, 319 F.3d 1292, 1302 (11th Cir. 2003).

Conrad's Complaint alleges that in her role as management consultant for Mid-South, she came to learn of thousands of false claims submitted for Medicare reimbursement.  These false claims included multiple billings for a single service, billing for personal items such as a boat, and illegal related party transactions.  She alleges Blue Cross "failed to recognize, report, and/or terminate" Mid-South's false and fraudulent Medicare claims "despite [Blue Cross's] tacit knowledge and apparent disregard for audit procedures therefore, as is hereinafter set forth." (Comp. at 4).  She continues:

> Despite having been informed of these false claims . . . Blue Cross has failed to audit and/or investigate this matter, and has failed [to] recognize, reject or to report these false claims to any supervising authority, and has, therefore, committed acts of gross negligence. . . . This failure . . . has resulted in the continued fraud upon the United States Treasury.

*Id.* at 6.  She charges that "Blue Cross failed to uncover or investigate [Mid-South's illegal related party transactions], in gross dereliction of its duty to audit. . . ." *Id.* at 12.  Certain instances of the fraud were "not noticed by Blue Cross, despite the fact that a cursory

examination of the facilities would have uncovered these facts." *Id.* at 26. Blue Cross had "knowledge of [the] related party transactions and the potential use of [Medicare] funds by the Provider for purposes other than those for which they were legally acquired." *Id.* The Complaint further contains allegations which, construed liberally, read that Blue Cross actively assisted Mid-South in covering up its scheme. *Id.* at 19.

In sum, the Complaint charges Blue Cross with (1) knowingly (2) presenting or causing to be presented false or fraudulent claims for payment to the United States. Taken as true and viewed in the light most favorable to Conrad, these allegations are sufficient to state a claim for relief under the FCA.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Blue Cross's [44] Motion for Judgment on the Pleadings is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that for the reasons stated above, Blue Cross's [53] Supplemental Motion for Judgment on the Pleadings is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE