**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, ex rel.** | § | **PLAINTIFFS** |
| **SHERRIE CONRAD, and SHERRIE** | § | |
| **CONRAD** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 2:99cv72-LG-JMR** |
| | § | |
| **BLUE CROSS BLUE SHIELD OF** | § | |
| **MISSISSIPPI, A MUTUAL INSURANCE** | § | |
| **COMPANY, d/b/a TRI-SPAN HEALTH** | § | |
| **SERVICES, DAVID ALBIN, SUE RENO,** | § | |
| **and EDDIE PRICE** | § | **DEFENDANTS** |

**ORDER DENYING MOTION FOR CERTIFICATION OF
QUESTION FOR INTERLOCUTORY APPEAL AND
FINDING AS MOOT MOTION FOR STAY PENDING APPEAL**

BEFORE THE COURT is Defendants Blue Cross Blue Shield of Mississippi, d/b/a Tri-Span Health Services, David Albin, Sue Reno, and Eddie Price's [72] Motion for Certification of Question for Interlocutory Appeal and [73] Request for Stay Pending Appeal. Plaintiff Sherie Conrad initiated this *qui tam* action and alleged that Defendants violated the False Claims Act ("FCA") by submitting certain providers' fraudulent Medicare claims for payment. The Court entered an [71] order and held that 42 U.S.C. § 1395(u)(e)(3) does not provide Blue Cross complete statutory immunity. Defendants seek leave to pursue an interlocutory appeal of this ruling, as well as a stay. Plaintiff has responded in opposition. The Court has considered the motions, record, and relevant legal authority. The motion for interlocutory appeal certification is denied, and the motion to stay is denied as moot.

**DISCUSSION**

Title 28 of the United States Code section 1292(b) provides in pertinent part:

When a district judge, in making in a civil action an order not otherwise

appealable. . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order. . . .

The question sought to be certified is "Does a Medicare carrier enjoy complete statutory immunity under 42 U.S.C. § 1395(u)(e)(3)?"  The Court must first consider whether this is a controlling question of law.

"A controlling question of law arises 'only if it may contribute to the determination, at an early stage, of a wide spectrum of cases.'"  *Lapham v. Kaye (In re Avado Brands, Inc.)*, No. 3:07-cv-769-G ECF at 6-7 (N.D. Tex. Aug. 3, 2007) (quoting *Fed. Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, Wisc.*, 604 F. Supp. 616, 620 (E.D. Wis. 1985)).  The statute at issue was subsequently amended effective October 1, 2005.  42 U.S.C. § 1395kk-1(d) (2003).  The statute of limitations for a complaint under the False Claims Act is six years from the violation or three years after the date when facts material to the right of action are known or reasonably should have been known . . . but in no event more than 10 years after . . . the violation."  31 U.S.C. § 3731(b) (2008).  Therefore, the section 1395(u)(e)(3) could apply to cases filed as late as 2014.  Therefore, the Court finds that there remains a wide spectrum of cases to which this particular question of law will apply.

Additionally, whether a question of law is controlling is closely tied to the third requirement that the question certified must materially advance the termination of the litigation.  *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006).  Even if the Fifth Circuit should hold that complete immunity is afforded by section 1395(u)(e)(3), this would not

2

materially advance the end of litigation in this case.  A question yet remains on whether Blue Cross waived immunity for failure to plead it as an affirmative defense or to raise it earlier. Because the Court found that the immunity issue had no merit, there was no need to decide the waiver issue.  Should the Fifth Circuit decide the immunity defense does have merit, then the question of waiver will need to be decided before the litigation can terminate.  Additionally, this case is already over six years old, and is now ready to be placed on a trial calendar.  Therefore, the Court is of the opinion that certification for interlocutory appeal should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendants' [72] Motion for Certification of Question for Interlocutory Appeal is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that for the reasons stated above, Defendants' [73] motion for stay pending appeal is **DENIED** as moot.

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2008.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
United States District Judge

3